IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDIE BOYD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER ROBERT GRAVES | : | NO.  07-1692 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                                                         March 27, 2009
Chief United States Magistrate Judge

      Presently before the court is defendant's Motion to Alter or Amend Judgment or, in the Alternative to Strike the Judgment, with a memorandum of law in support of its motion (Doc. No. 51) (the "Motion").  Plaintiff filed a response to defendant's Motion (Doc. No. 55).  The matter is now before the court for decision.  For the reasons stated herein, defendant's Motion is denied.

**I.      BACKGROUND**

      Plaintiff Eddie Boyd ("plaintiff") filed the instant action against Officer Robert Graves ("defendant"), alleging that defendant, in his capacity as a police officer in the City of Chester, Pennsylvania, falsely arrested plaintiff and maliciously initiated criminal proceedings against him, in violation of plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983.   The case was tried before a jury for five days, from November 19, 2008 through November 25, 2008.

      The jury returned a verdict in plaintiff's favor, but did not award plaintiff damages.  See Jury Interrogatory Form (Doc. No. 48).  Because the parties chose not to submit the issue of nominal damages to the jury, the court entered judgment in favor of plaintiff and

against defendant, and awarded plaintiff nominal damages in the total amount of $1.00 (Doc. No. 49).

In his present Motion, defendant argues that the court properly instructed the jury on the elements of plaintiff's claim under 42 U.S.C. § 1983, but the jury determined that plaintiff failed to establish one of the necessary elements of the claim, i.e., harm, and judgment was improperly entered in favor of plaintiff. (Mot. at 3-5.) Defendant further argues that the award of nominal damages was improper. Id. at 5-8. Defendant asks the court, alternatively, to enter an order altering the judgment pursuant to Fed. R. Civ. P. 59(e) or to strike the judgment pursuant to Fed. R. Civ. P. 60.

## II.   LEGAL STANDARDS

### A.   Motion to Amend Judgment

Fed. R. Civ. P. 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the court, and used to allege legal error. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (citing Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir.1988)). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)).

Because of the interest of the courts in the finality of judgments, motions for reconsideration should be granted sparingly. United States v. Bullock, 2005 WL 352854, at *1

(E.D. Pa. Jan. 24, 2005). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Id. (citing Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one." Kennedy Indus., Inc. v. Aparo, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006). It "is improper . . . to ask the court to rethink what it had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations and citation omitted).

### B. Motion to Strike Judgment

Defendant also has moved to strike the judgment as an alternative to its motion to alter judgment. Fed. R. Civ. P. 60(b) sets forth the grounds on which the court may strike a judgment. The rule provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendant does not specify the provision of Rule 60(b) pursuant to which he seeks relief. "The general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation

3

must be brought to an end and that justice must be done." <u>Boughner v. Secretary of Health, Ed. and Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851).  The Third Circuit has held that the remedy provided by Rule 60(b)(6) is "extraordinary, and special circumstances must justify granting relief under it."  <u>Page v. Schweiker</u>, 786 F.2d 150, 158 (3d Cir.1986).

**III.    DISCUSSION**

At the close of trial, the court charged the jury, <u>inter alia</u>, on plaintiff's claims under 42 U.S.C. § 1983 and provided a written copy of the instructions to the jury.  In response to the jury interrogatories, the jury answered affirmatively to questions one and three, regarding whether defendant falsely arrested plaintiff without probable cause in violation of his rights and whether defendant maliciously instituted criminal proceedings against plaintiff.  (Doc. No. 48.)  However, the jury answered negatively to questions two and four, regarding whether plaintiff proved that he suffered harm that was proximately caused by defendant's unlawful arrest and by defendant's malicious prosecution of plaintiff.  <u>Id.</u>  The jury left blank the amount of compensatory damages to be awarded plaintiff.  <u>Id.</u>

Defendant presently contends that the judgment should be amended or stricken in order to correct a clear error of law because the entry of judgment in favor of plaintiff is inconsistent with the jury's verdict.  (Mot. at 3.)  Defendant argues that the jury interrogatories show that "the Jury determined that . . . [plaintiff] failed to establish the elements of his claim under 42 U.S.C. § 1983 and returned a verdict in favor of . . . [defendant]."  (Mot. at 1.)

The substance of the jury instruction at issue concerns plaintiff's burden in establishing a claim under 42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must

4

show that the defendant (1) was a state actor who (2) violated his rights under the Constitution or federal law. Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)). See also Bush v. City of Philadelphia, 367 F. Supp. 2d 722, 726 (E.D. Pa. 2005) (same). The Third Circuit's Model Civil Jury Instructions (the "Model Instructions") make clear that proof of harm as a result of the defendant's actions is not a required element. In the comment section to Model Instruction 4.3, Elements of a Section 1983 Claim, the Third Circuit states as follows:

> Some authorities include, as a third element, a requirement that the defendant caused the plaintiff's damages. See, e.g., Fifth Circuit Civil Instruction 10.1; Eleventh Circuit Civil Instruction 2.2. It is true that the plaintiff cannot recover compensatory damages without showing that the defendant's violation of the plaintiff's federal rights caused those damages. See Instruction 4.8.1, infra. It would be misleading, however, to consider this an element of the plaintiff's claim: If the plaintiff proves that the defendant, acting under color of state law, violated the plaintiff's federal right, then the plaintiff is entitled to an award of nominal damages even if the plaintiff cannot prove actual damages.

(Model Instructions at 4.3.)

When a party claims that a jury instruction was erroneous as a matter of law, the court will review the charge to determine whether the instructions "taken as a whole, properly appraises the jury of the issues and the applicable law." Montgomery County v. Microvote Corp., 320 F.3d 440, 445 (3d Cir. 2003) (citations omitted); see also Dressler v. Busch Entm't Corp., 143 F.3d 778, 780 (3d Cir. 1998) (holding that jury instructions should be reviewed by "totality of the charge given to the jury, not merely a particular paragraph or sentence"). A trial court has substantial discretion "to select the language to be used in instructing the jury on the law so long as the judge's instructions are correct and do not omit essentials." United States v. Tiller, 302 F.3d 98, 105 (3d Cir. 2002). See also Douglas v. Owens, 50 F.3d 1226, 1233 (3d Cir.

1995) ("No litigant has a right to a jury instruction of its choice, or precisely in the manner and words of its own preference.").

> The jury instruction implicated in this case stated in relevant part:
>
> In order to win a lawsuit brought under section 1983, a plaintiff must prove three things by a preponderance of the evidence:
> 1)     that defendant was acting under color of state law; and
> 2)     that the actions of defendant deprived plaintiff of a constitutional right;
> 3)     that plaintiff suffered some harm as a result of defendant's actions.

(Jury Instructions at 13.) Defendant argues in his Motion that the court <u>properly</u> instructed the jury. (Mot. at 1, 3-5.) Defendant further contends that the jury's responses to interrogatory questions two and four demonstrate that the jury determined that plaintiff failed to establish one of the elements of his claim, <u>i.e.</u>, harm. Accordingly, defendant argues that judgment should have been entered in his favor. <u>Id.</u> at 5.

        After consideration of defendant's arguments, this court finds that the instruction at issue unnecessarily enhanced plaintiff's burden under 42 U.S.C. § 1983. The jury's verdict, however, was consistent with the proper legal standard. Thus, the erroneous instruction did not harm defendant and the court should not amend, nor strike, the judgment on this basis. <u>See</u> <u>Hopp v. City of Pittsburgh</u>, 194 F.3d 434, 440-42 (3d Cir. 1999) (noting that, on appeal, the court will not reverse a judgment because a jury instruction misstates the proper legal standard if it concludes that the jury would have reached the same result had it been instructed according to the correct legal standard). <u>See also</u> 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2886 (2d ed. 1995) ("Errors in instructions routinely are ignored if . . . [it] is apparent that the error could not have changed the result."). The instructions taken as a whole, properly appraised the jury of the issues and the applicable law.

Moreover, the court conferred with counsel about the jury instructions prior to charging the jury. (N.T. 11/24/08 at 89-126.) Neither plaintiff's nor defendant's counsel objected to the jury instruction regarding plaintiff's burden under 42 U.S.C. § 1983. See N.T. 11/14/08 at 93. The jury's verdict was consistent with the proper standard for a claim brought under 42 U.S.C. § 1983. In addition, the court presented a proper instruction to the jury on unlawful arrest and malicious prosecution. See Jury Instructions at 16-20, 23-25. By answering interrogatory questions one and three in the affirmative, the jury found that plaintiff met his burden of proving a claim for unlawful arrest and a claim for malicious prosecution. After reviewing the jury charge as a whole in light of the evidence in this case, the court concludes that the jury charge was not misleading or inaccurate such that the judgment should be altered or that the judgment should be stricken.

Defendant also argues in his Motion that the court erred in awarding nominal damages to plaintiff. (Mot. at 5-8.) Defendant again bases this argument on the premise that the jury made a factual determination that plaintiff did not establish each element of his claim (i.e., harm) and that the jury, therefore, returned a verdict in favor of defendant. Id. Accordingly, defendant argues that the failure to establish the elements of his claim precludes a nominal damage award to plaintiff. Id. Defendant's contention is without merit. As discussed supra, the jury's verdict was consistent with the proper standard for a claim brought under 42 U.S.C. § 1983. The jury found that a constitutional violation was proven, but that plaintiff did not establish a sufficient injury to warrant compensatory or punitive damages. In such instance, plaintiff is entitled to at least nominal damages. See Buss v. Quigg, 91 Fed. Appx. 759 (3d Cir. 2004) (not precedential). See Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001) ("Where a

7

constitutional deprivation has not caused actual injury, an award of nominal damages may be appropriate."). See also Buss v. Quigg, 2002 WL 31262060, at *2 (E.D. Pa. Oct. 9, 2002) ("[T]he Supreme Court established the clear rule that if a jury finds that a constitutional violation has been proven, but that plaintiff has not shown injury sufficient to warrant compensatory damages, plaintiff is entitled to at least nominal damages.") (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)).

The court therefore denies defendant's request to amend judgment, or in the alternative to strike the judgment entered in favor of plaintiff and against defendant. An appropriate order follows.

BY THE COURT:

/s/ TJR

THOMAS J. RUETER
Chief United States Magistrate Judge